IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

       *Plaintiff/Appellee,*

    v.

DYLANN STORM ROOF,

       *Defendant/Appellant.*

Case No. 17-3

**MOTION FOR REQUEST TO DESIGNATE EN BANC PANEL
PURSUANT TO 28 U.S.C. § 291(a) OR § 292(d), OR FOR
DESIGNATION OF EN BANC PANEL UNDER § 292(a)**

1.    Defendant-Appellant Dylann Storm Roof, by and through undersigned counsel, hereby moves this Court to request that the Chief Justice of the United States designate an en banc appellate panel pursuant to 28 U.S.C. § 291(a) or § 292(d) to consider Roof's petition for rehearing en banc, or alternatively moves the Chief Judge of the Fourth Circuit to designate district judges from within the Fourth Circuit to constitute such a panel pursuant to 28 U.S.C. § 292(a). The government takes no position on this motion.

2.      This is a direct appeal from a judgment of the United States District Court for the District of South Carolina convicting Roof of thirty-three felony counts related to the murder and attempted murder of parishioners at the Emanuel African Methodist Episcopal Church in Charleston, and sentencing him to death.

3.      On May 11, 2021, this Court issued an order stating that the judges of the Fourth Circuit Court of Appeals had recused themselves from Roof's appeal, and that a special panel had been designated to hear the appeal pursuant to 28 U.S.C. § 291(a). (Dkt. 162.)

4.      Oral argument took place on May 25, 2021. On August 25, 2021, the specially-appointed panel issued a published opinion affirming Roof's convictions and death sentence. (Dkt. 169.)

5.      Roof is filing, simultaneously with this motion, a petition for rehearing and rehearing en banc of the Panel's August 25, 2021 decision. Because this Court's May 11, 2021 order indicated that the Fourth Circuit judges had recused themselves, it is appropriate that the Court ask the Chief Justice to designate a special panel pursuant to 28 U.S.C. § 291(a) or § 292(d) to consider whether to rehear the appeal en banc. Alternatively, it is appropriate for the Chief Judge of the Fourth

Circuit to appoint district judges from within the Fourth Circuit to serve as judges on the Court of Appeals to constitute such a panel, pursuant to 28 U.S.C. § 292(a).

6.     Section 291(a) permits the Chief Justice of the United States to "designate and assign temporarily any circuit judge to act as circuit judge in another circuit upon request by the chief judge or circuit justice of such circuit." 28 U.S.C. § 291(a). Section 292(d) similarly "authorizes the Chief Justice to designate" district court judges to sit as appellate judges "whenever a chief judge of a circuit certifies 'a need.'" *United States v. Claiborne*, 870 F.2d 1463, 1466 (9th Cir. 1989); *see* 28 U.S.C. § 292(d). Section 292(a) authorizes the Chief Circuit Judge to "designate and assign one or more district judges within the circuit to sit upon the court of appeals or a division thereof whenever the business of that court so requires." 28 U.S.C. § 292(a).

7.     Temporary assignment of judges to a Court of Appeals has been held necessary and appropriate when—as here—all of the judges in the Circuit have recused themselves from the case. *See Meeropol v. Nizer*, 429 U.S. 1337, 1339 (1977) (Order by Marshall, J.). In such circumstances, the need to designate a substitute panel "is plain to

3

anyone looking at the situation, and the duty to issue the certificate must be considered purely a ministerial act to deal with an administrative problem." *Id.*

8.    Appointment also is necessary because Circuit rules regarding en banc procedures "should not prevent a litigant from suggesting to those judges who, under the procedure established by the court, have the responsibility of initiating a rehearing en banc*, that his case is an appropriate one for the exercise of the power." *Western Pac. R. Corp. v. Western Pac. R. Co.*, 345 U.S. 247, 268 (1953). Failing to appoint substitute Circuit judges to consider Roof's en banc request would "prevent [him] from suggesting [the need for en banc review] to those judges" who have the power to initiate such proceedings under the Fourth Circuit's procedures. Federal Rule of Appellate Procedure 35(a), and Fourth Circuit Local Rule 35(b), both confer the power to decide to hear a case en banc on "[a] majority of the circuit judges who are in regular active service and who are not disqualified." Fed. R. App. P. 35(a); Fourth Cir. L.R. 35(b). Due to the Fourth Circuit judges' uniform recusal, however, there currently are no Fourth Circuit judges who are not disqualified from Roof's case. It is therefore both appropriate and

necessary to appoint a substitute en banc panel to permit Roof to suggest the propriety of en banc review to those with authority to consider the request.

9.    Accordingly, Roof respectfully requests that this Court ask the Chief Justice of the United States to designate an en banc panel of judges to consider his rehearing petition under 28 U.S.C. § 291(a) or § 292(d)—including by issuing a certificate of necessity for such designation—or independently appoint district judges to constitute an en banc panel pursuant to 28 U.S.C. § 292(a).

10.    Counsel for Roof have consulted with counsel for the government, Bonnie I. Robin-Vergeer, who indicates the government takes no position on this procedural motion to appoint an en banc panel.

Respectfully submitted this 8th day of September, 2021.

Respectfully submitted,

JAMES WYDA
Federal Public Defender for the
District of Maryland

CUAUHTEMOC ORTEGA
Federal Public Defender for the
Central District of California

*/s/ Sapna Mirchandani*
SAPNA MIRCHANDANI

Assistant Federal Public Defender
Federal Public Defender,
District of Maryland
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 344-0600

*/s/ Margaret A. Farrand*
MARGARET A. FARRAND
Deputy Federal Public Defender
Federal Public Defender,
Central District of California
321 East 2nd Street
Los Angeles, CA 90012
(213) 894-2854

*/s/ Alexandra W. Yates*
ALEXANDRA W. YATES
P.O. Box 542
Concord, MA 01742
(978) 254-0882

*Counsel for Appellant*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing Motion for Request to

Designate En Banc Panel Pursuant to 28 U.S.C. § 291(a) or § 292(d), or

for Designation of En Banc Panel Under § 292(a), was filed

electronically via CM/ECF, which automatically sends a notice of such

filing to all registered counsel of record, and that a hard copy of the

same was sent via overnight courier to:

> Bonnie I. Robin-Vergeer
> U.S. Department of Justice
> Civil Rights Division, Appellate Section
> P.O. Box 14403
> Ben Franklin Station
> Washington, DC  20044-4403

on this 8th day of September, 2021.

> */s/ Margaret A. Farrand*
> Margaret A. Farrand